### In re NEWELL.

(Supreme Court, Appellate Division, First Department. June 6, 1913.)

ATTORNEY AND CLIENT (§ 53*)—DISBARMENT.

Respondent, charged with having been indicted by the grand jury for willfully dissuading a subpœnaed witness from attending before a magistrate in criminal proceedings, pleaded guilty to such indictment, as shown by the copy thereof and an extract from the minutes of the Supreme Court, but in his answer, though admitting the indictment and his plea of guilty, denied that he was guilty of the crime charged against him. *Held*, that his plea of guilty was conclusive evidence of his guilt, and that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

no further evidence was required to show that he was not a fit person to remain a member of the bar.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

In the matter of charges of professional misconduct by the Association of the Bar of the City of New York against Edward J. Newell, an attorney. Respondent disbarred.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Einar Chrystie, of New York City, for petitioner.

Noble, Estabrook & McHarg, of New York City, for respondent.

INGRAHAM, P. J. The respondent is charged by the Association of the Bar of the City of New York with having been indicted by the grand jury of the county of New York for willfully dissuading one Sipp from attending as a witness before a magistrate in criminal proceedings, and that on March 27, 1913, the respondent pleaded guilty to that indictment. Annexed to the petition is a copy of the indictment and an extract from the minutes of the Supreme Court, in which it appears that the respondent was arraigned on the indictment and that he pleaded guilty to the charge of willfully dissuading a witness from attending pursuant to a subpœna. In his answer the respondent admits the indictment and the plea of guilty, but denies that he was guilty of either of the crimes charged against him. A plea of guilty is conclusive evidence of the respondent's guilt, and, having pleaded guilty to such a charge, no further evidence is required to show that he is not a fit person to remain a member of the profession.

The respondent is therefore disbarred. All concur.